51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth RIVENS, Defendant-Appellant.
 No. 94-5734.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1995.
Decided April 6, 1995.
 
 Jesse J. Waldon, Jr., JESSE J. WALDON, JR., P.A., Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Rivens appeals from a district court judgment on jury verdict, convicting him of possession of cocaine with intent to distribute; use of a firearm in the commission of a drug trafficking offense; and possession of ammunition by a felon, in violation of 21 U.S.C. Sec. 841(a)(1) (1988); 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994); and 18 U.S.C. Sec. 922(g)(1) (1988), respectively. We affirm.
 
 
 2
 Rivens raises several grounds on appeal. First, he alleges that evidence regarding sales of cocaine to an undercover agent during September 1993 was improper Fed.R.Evid. 404(b) "other crimes" evidence, which was not relevant to the charge of possession with intent to distribute cocaine on December 10, 1993. He also claimed that this evidence was unduly prejudicial pursuant to Fed.R.Evid. 403. First, the evidence challenged was not inadmissible under Rule 404(b) because it was part of a series of criminal transactions and served to inform the jury completely about the crime charged. United States v. Kennedy, 32 F.3d 876, 885-86 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3563 (U.S.1995). Second, even were it "other crimes" evidence, it was necessary and relevant with regard to Rivens's intent to sell the cocaine on December 10, and it was not unduly prejudicial. Thus, it was properly admitted. See United States v. Mark, 943 F.2d 444, 447-49 (4th Cir.1991).
 
 
 3
 Rivens's next claim of error--that the district court erred in not giving a limiting instruction when admitting the evidence of the September drug sales--is without merit. First, there was no need to limit the evidence because it is admissible under Rule 404(b). See Kennedy, 32 F.2d at 886. Second, even if it were considered "other crimes" evidence, because Rivens did not request a limiting instruction, any error by the district court has been waived. Mark, 943 F.2d at 449.
 
 
 4
 Rivens's final claim of error is that the evidence was insufficient to support the jury's guilty verdict on the charge of use of a firearm in the commission of a drug trafficking crime. First, Rivens committed a drug trafficking crime by possessing cocaine with intent to distribute it. Second, the evidence at trial established that Rivens possessed numerous, loaded long- and handguns in his bedroom, where cocaine and marijuana were found; this evidence was sufficient to support the jury's finding that the guns were present to facilitate Rivens's drug sales. United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). Thus, both elements of the crime were proved by the evidence, 18 U.S.C.A. Sec. 924(c)(1), and the jury's verdict is fully supported.
 
 
 5
 Rivens's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.